Filed 6/17/22 In re A.M. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.M. et al., Persons Coming Under the Juvenile Court Law. _____ MONTEREY COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent, v. H.M., Defendant and Appellant. | H049613 (Monterey County Super. Ct. Nos. 19JD000121 & 19JD000122) |

**THE COURT**[1]

Appellant, H.M., appeals from an order terminating her parental rights as to A.M. and J.P.  Respondent, Monterey County Department of Social Services (Department) and H.M. jointly move for a summary reversal of the order.  The parties agree that the trial court failed to comply with the Indian Child Welfare Act (ICWA), and request that we remand the matter to the trial court for the limited purpose of determining compliance with ICWA notice requirements.  We grant the motion and reverse the order pursuant to the stipulation of the parties.

---

[1] Before Greenwood, P.J., Lie, J. and Wilson, J.

# I. PROCEDURAL BACKGROUND

The initial petition filed in this matter pursuant to Welfare and Institutions Code, section 300 stated that there was no known Indian ancestry based on H.M.'s statements to the social worker and forms H.M. had completed. Based on this evidence, the jurisdictional and dispositional order found that ICWA did not apply. Despite having contact with various relatives during the course of the dependency proceedings, the Department made no further inquiry regarding Indian ancestry prior to the Welfare and Institutions Code, section 366.26 hearing. After the court terminated H.M.'s parental rights, this timely appeal ensued. After H.M. filed her opening brief, the parties jointly moved for summary reversal.

## II. DISCUSSION

On appeal, H.M. contends that the trial court's order terminating parental rights must be conditionally reversed and the matter remanded to the trial court because the court failed to ensure compliance with ICWA. She argues that the Department's failure to ask H.M.'s family about Indian ancestry violated ICWA. Because of this insufficient inquiry, the parties agree that the juvenile court erred when it found that ICWA did not apply. They further agree that this court is likely to reverse the order on appeal. To minimize delay, they jointly request that this court reverse and remand the matter pursuant to their stipulation for the limited purpose of allowing the Department to conduct a proper inquiry and send notice under ICWA as appropriate. (*In re N.D.* (2020) 46 Cal.App.5th 620, 624.)

The parties' joint motion supports the conclusion that a summary reversal pursuant to stipulation is appropriate under the facts of this case and the law. (See Code Civ. Proc., § 128, subd. (a)(8).) For the reasons stated in the motion, the court finds that there is no possibility that the interests of nonparties or the public will be adversely affected by the reversal. Summary reversal of the judgment would place the parties in the same position they would be in if the appeal were successfully prosecuted to completion,

would save both private and judicial resources because it would obviate the need for further briefing by the parties and review of the record by this court, and most importantly would minimize delay in permanency for the children. Both public policy and the public interest are served by these outcomes.

This court further finds that the parties' grounds for requesting reversal are reasonable. The parties agree that the Department's ICWA inquiry was deficient and that the trial court erred in terminating parental rights without ensuring compliance with ICWA. They also agree that if after ensuring compliance, the court again finds that ICWA does not apply, the court can reinstate the prior order terminating parental rights. These grounds outweigh the erosion of public trust that may result from the nullification of a judgment and outweigh the risk that the availability of a stipulated reversal will reduce the incentive for pretrial settlement. Public trust in the courts is enhanced, not eroded, when parties recognize and acknowledge errors and agree to resolve them with limited delay. (See *Union Bank of Cal. v. Braille Inst. of Am.* (2001) 92 Cal.App.4th 1324.)

### III. DISPOSITION

The October 25, 2021, order terminating parental rights is reversed pursuant to the stipulation of the parties. The matter is remanded to the trial court for the limited purpose of determining compliance with ICWA. If the court determines that the requirements of ICWA have been met, the court shall reinstate the order. The remittitur shall issue forthwith.